# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FOSTER,<br>       Plaintiff, | Case No. 1:15-cv-595 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| STATE OF OHIO, et. al.,<br>       Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff Christopher Foster, an inmate currently incarcerated at the Toledo Correctional Institution (ToCI) in Toledo, Ohio, initiated this prisoner civil rights action under 42 U.S.C. § 1983 by filing a complaint with this Court without paying the filing fee or submitting a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1). In the complaint, plaintiff brings claims against the State of Ohio; ToCI's Warden and "Warden Sheldon," who allegedly "was working at [ToCI] in [August] 2014"; the Warden of the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio; SOCF's institutional inspector; and four SOCF correctional officers. (*See id.*, at PAGEID#: 4-5). Construing the complaint liberally, it appears that plaintiff is alleging a variety of claims essentially challenging the conditions of his confinement at ToCI in August 2014, his subsequent transfer from ToCI to SOCF for a period of time, his mistreatment by SOCF staff while he was incarcerated there, and his continued incarceration after the expiration of his sentence on a "weapons under disability" charge. (*See id.*, at PAGEID#: 5). The matter is now before the Court on plaintiff's motion for leave to proceed *in forma pauperis*, which was filed on October 15, 2015 in compliance with a Deficiency Order issued September 25, 2015. (Doc. 4; *see also* Doc. 2).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L.

No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Foster is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice at the screening stage for failure to state a claim upon which relief may be granted. *See, e.g., Christopher Foster v. City of Cincinnati, et al.,* Case No. 1:14-cv-617 (S.D. Ohio June 22, 2015) (Barrett, J.; Bowman, M.J.) (Docs. 4, 20, 23-24); *Christopher Foster v. State of Ohio, et al.*, Case No. 1:14-cv-668 (S.D. Ohio Nov. 3, 2014) (Beckwith, J.; Litkovitz, M.J.) (Docs. 4, 7-8); *Christopher Foster v. Hamilton Cnty., et al.,* Case No. 1:14-cv-642 (S.D. Ohio Oct. 20, 2014) (Black, J.; Litkovitz, M.J.) (Docs. 4, 7-8).[1] The previous three screening dismissals prevent the plaintiff from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. Foster may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in

---

[1] It is noted that Mr. Foster filed another complaint, which is currently pending in the District Court for the Northern District of Ohio. *See Christopher Foster v. Toledo Corr. Inst., et al.,* Case No. 3:15-cv-404-JJH (N.D. Ohio). He has filed a motion for leave to proceed *in forma pauperis* in that case, which he supplemented on June 25, 2015 based on an Order issued March 26, 2015. *See id.* (Docs. 2, 3, 5). At this juncture, the matter has not proceeded beyond Mr. Foster's *in forma pauperis* application, as supplemented.

accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) should be denied under 28 U.S.C. § 1915(g).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

    3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  10/20/2015                         s/Karen L. Litkovitz
                                                                Karen L. Litkovitz
                                                                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPHER FOSTER,  
    Plaintiff,

vs.

STATE OF OHIO, et al.,  
    Defendants.

Case No. 1:15-cv-595

Black, J.  
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc